**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

WAYNE ANTHONY RILEY, )
               Petitioner, )
v. ) Case No. CIV-17-810-F
UNITED STATES OF AMERICA, )
               Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, submitted for filing a Petition for Writ of Habeas Corpus.[1] The matter has been referred by United States District Judge Stephen P. Friot for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth, Petitioner's action should be dismissed for lack of jurisdiction as his petition is a second or successive habeas petition challenging the same conviction.

**I.**     **Procedural History**

On July 28, 2017, Petitioner filed his initial pleading challenging his conviction in Case No. 2005-1614, Oklahoma County District Court. *See* Petition [Doc. No. 1]. Petitioner has filed three previous habeas petitions challenging this conviction. *See Riley v. Addison*, Case No. 13-397-F; *Riley v. Addison*, 14-962-F; and *Riley v. Bear*. 16-564-F.[2]

---

[1] Petitioner's initial pleading was made on a form intended for a Motion to Amend or Correct Sentence pursuant to 28 U.S.C. § 2255. Such motions may be made only by those convicted and sentenced in a federal court. The exhibits attached to his pleading reference only his state conviction. Thus, the pleading is construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

[2] In his first two habeas cases, Petitioner filed under the name, "Anthony Wayne Riley." In the third habeas case, Petitioner filed under the name, "Wayne Riley." Petitioner filed the instant Petition under the name, "Wayne Anthony Riley." In each case, however, Petitioner also identified himself by his prisoner number. In each case, that number is the same. Petitioner was convicted under the name, "Wayne Anthony Riley." *See State of Oklahoma v. Wayne Anthony Riley and*

The first such Petition was filed on April 23, 2013. *See Riley v. Addison*, Case No. 13-397-F, [Doc. No. 1]. On September 6, 2013, the district court entered judgment denying habeas relief because the Petition was untimely filed. Case No. 13-397-F, [Doc. No. 19].

Petitioner filed a second habeas action on September 8, 2014. *See Riley v. Addison*, 14-962-F, [Doc. No. 1]. The district court dismissed the action for lack of jurisdiction as a second or successive habeas action on October 27, 2014. Case No. 14-962-F, [Doc. No. 10]. Petitioner did not appeal the judgment.

Petitioner filed his third habeas petition on May 26, 2016. *See Riley v. Bear*, 16-564-F, [Doc. No. 1]. On July 19, 2016, the district court dismissed this action, too, for lack of jurisdiction as a successive petition. Case No. 16-564-F, [Doc. No. 12].

Thus this, the fourth habeas petition filed by Petitioner, is a successive Petition. Jurisdiction over second or successive habeas actions is limited. "Before a second or successive [§ 2254] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If the petitioner does not follow this directive, the district court lacks jurisdiction to consider an unauthorized second or successive petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Petitioner has not demonstrated that he obtained authorization to proceed with this successive petition. Under these circumstances, this Court must determine whether to transfer the unauthorized successive habeas action to the Tenth Circuit Court of Appeals. Such transfer should be made only if the transfer is in the interest of justice. *See* 28 U.S.C. § 1631. Petitioner's first habeas petition, filed in Case No. 13-397-F, was denied as untimely filed. Because the instant

---

*Aaron Anthony*, Case No. CF-2005-1614, District Court of Oklahoma County. The docket sheet of the state case may be viewed at http://www.oscn.net (last visited August 22, 2017).

Petition, challenging the same conviction, is also clearly time-barred, it would not be in the interest of justice to transfer the action to the appellate court.³ It is therefore recommended that the Petition be dismissed for lack of jurisdiction.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Petitioner's successive habeas Petition [Doc. No. 1] be dismissed for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Any objection must be filed with the Clerk of the District Court by September 12, 2017. Failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 22ⁿᵈ day of August, 2017.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

³ What is more, the Tenth Circuit Court of Appeals has denied one such motion. After dismissal of his third habeas petition, Petitioner apparently filed a motion in the Tenth Circuit Court of Appeals seeking an order authorizing him to file a successive habeas petition. The motion was denied on November 2, 2016, in Tenth Circuit Case No. 16-6305. A copy of the Order was also filed in *Riley v. Addison*, Case No. 13-397-F, [Doc. No. 23].